UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JEFFERY KENNEDY** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 23-2883** |
| **MARQUETTE TRANSPORTATION COMPANY, LLC** | * | **SECTION L** |

**ORDER & REASONS**

Before the Court is Defendant Marquette Transportation Gulf-Inland, LLC's Motion to Transfer the Case to the United States District Court to the Western District of Kentucky. R. Doc. 10. Plaintiff Jeffery Kennedy opposes the motion, R. Doc. 13. Marquette Transportation Gulf-Inland, LLC filed a reply. R. Doc. 14. Having considered the briefing and the applicable law, the Court rules as follows.

**I.     BACKGROUND**

This case arises out of an alleged maritime accident in which Plaintiff Jeffery Kennedy was injured while working for his employer, Marquette Transportation Gulf-Inland, LLC ("Marquette"). R. Doc. 1 at 1. Kennedy states that he filed suit in this Court pursuant to his claims under the Jones Act, general maritime law, and diversity jurisdiction. *Id.* At the time of the accident, Kennedy contends that he was a Jones Act-covered seaman working aboard Defendant's vessel, M/V ST. CHRISTOPHER. *Id.*

On November 4, 2022, Kennedy was injured while on duty. *Id.* at 2. Kennedy was cutting loose from a barge when a rope became wrapped around his left leg. *Id.* The vessel's captain then allegedly began moving the vessel back without warning, causing significant damage to Kennedy's left knee, foot, and other parts of his body. *Id.* Kennedy alleges that the accident was caused by defendant's negligence. *Id.*

Specifically, Kennedy contends that Marquette is liable because of: (1) breach of a legally imposed duty of reasonable care owed by the Defendant; (2) failure to provide a reasonably safe place to work; (3) failure to properly train and supervise Kennedy; (4) failure to take any means or precautions for the safety of defendant's employees, including Kennedy, by, among other things, placing him in the line of fire; (5) creation and maintenance of an unseaworthy vessel; (6) failure to provide minimum safety requirements; (7) failure to provide adequate equipment for the job in question; (8) failure to provide adequate personnel for the job in question; and (9) other acts of negligence and unseaworthiness. *Id.* at 2-3.

Kennedy alleges that Marquette is liable to him for a number of different damages, including mental and emotional pain and suffering, loss of wages and wage-earning capacity, disability, and medical expenses. *Id.* at 3. Additionally, Kennedy asks for the matter to be decided by a jury trial. *Id.* at 4.

In its answer, Marquette generally denies the allegations set forth in the complaint. R. Doc. 5. Additionally, Marquette raises a number of affirmative defenses, including, but not limited to: improper venue, comparative fault, pre-existing medical conditions, and failure to mitigate damages. *Id.*

On October 31, 2023, Marquette filed the instant motion. R. Doc. 10.

**II.     PRESENT MOTION**

In its motion, Marquette argues that this action should be transferred out of this District to the Western District of Kentucky. *Id.* It avers that Kennedy entered into two signed agreements that contained valid and enforceable forum selection clauses. *Id.* at 4-6. Marquette argues that the parties first entered into a Venue Selection Agreement—prior to the incident—which required that claims brought against Marquette be filed in federal or state court of Paducah, Kentucky. *Id.* at 1.

Second, Marquette argues that the parties entered into a Supplemental Benefits Agreement—after the incident—in which Kennedy received payment in exchange for his agreement to bring any legal actions against Marquette in Kentucky. *Id.* at 2.

In opposition, Kennedy seeks to avoid enforcement of the forum selection clause. R. Doc. 13. Kennedy argues that it was obtained because of overreaching, and that public interest factors preclude its enforcement. *Id.* Marquette submitted a reply brief reasserting its earlier arguments. R. Doc. 14.

### III. LAW

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Accordingly, there exists a threshold inquiry of whether the suit originally could have been brought in the venue where the action is sought to be transferred. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("In applying the provisions of § 1404(a), we have suggested that the first determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed."). To do so, courts "must determine whether there is an adequate alternative forum and, if so, decide which forum is best-suited to the litigation by considering a variety of private- and public-interest factors and giving deference to the plaintiff's choice of forum." *Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 300 (5th Cir. 2016).

A valid and enforceable forum selection clause, however, modifies the 28 U.S.C. § 1404(a) analysis in two important ways: (1) "the plaintiff's choice in forum merits no weight," and (2) the court "may only consider arguments about public-interest factors only" as the court must find that the private-interest factors weigh in favor of the preselected forum. *Atl. Marine Constr. Co., Inc.*

*v. U. S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 64 (2013). Law binding on this Court explains that public-interest factors "rarely defeat a transfer motion." *Id.* To that effect, "[o]nly under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Id.*

## IV. ANALYSIS

Marquette argues that its motion to transfer is proper because Kennedy signed not one, but two, forum-selection agreements. Forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Barnett*, 831 F.3d at 302 (quoting *Int'l Software Sys., Inc. v. Amplicon, Inc.*, 77 F.3d 112, 115 (5th Cir. 1996)). There are four instances when a forum selection clause may be unreasonable:

> (1) The incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of the remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.

*Haynsworth v. The Corp.*, 121 F.3d 956, 963 (5th Cir. 1997).

The Court starts its discussion by focusing first on the Supplemental Benefits Agreement, signed after the incident. Kennedy argues that his consent to this Agreement was a product of overreaching because he was severely injured and facing financial hardship when he signed the document. R. Doc. 13. at 6. He further argues that venue is proper in this Court because "Jones Act seamen have the right to bring suit against their employer in any forum in which their employer does business." *Id.* at 4. However, at least four sections of this Court have, under substantially similar facts, rejected this argument. *See Joost v. Am. Com. Barge Line, LLC*, No. 19-1172, 2019

WL 1517848 (E.D. La. Apr. 8, 2019) (holding that the forum selection clause in the post-incident benefits agreement was enforceable when the injured seaman signed it from his hospital bed and while on narcotic pain medication); *Girdler v. Am. Com. Barge Line, LLC*, No. 17-6593, 2017 WL 6451750 (E.D. La. Dec. 18, 2017) (holding that the injured seamen had adequate notice of the forum selection clause in the post-incident benefits agreement though he was injured and unable to work); *Brister v. ABCL Operations, LLC*, No. 17-6035, 2018 WL 746390 (E.D. La. Feb. 7, 2018) (rejecting the injured seaman's argument that the forum selection clause in the post-incident benefits agreement was hidden because the clause was "prominently featured" above the plaintiff's signature); *Williams v. Am. Com. Barge Line*, No. 18-2008 (E.D. La. June 29, 2018) (rejecting the argument that the defendant corporation capitalizes on injured seamen who are not in a position to decline post-incident supplemental benefits agreements).

Kennedy's arguments do not materially differ from those already rejected by the other sections of this Court. Further, he availed himself to benefits of the Supplemental Benefits Agreement, which were not otherwise owed to him in exchange for his agreement to a forum selection clause. R. Doc. 10-3. Kennedy received "$45.00 Maintenance per day and an additional $45.00 per day as an advance, and a one-time payment of $500.00" *Id.* at 1. This Court specifically in *Joost*, upheld the validity of a fundamentally similar forum selection clause in a post-injury agreement where, as here, the plaintiff received benefits he was not otherwise entitled to:

> This Court takes particular notice that Plaintiff availed himself of these optional post-injury benefits and that he was not required to do so. In consideration of these benefits, Plaintiff agreed that if he filed suit for the injuries at issue, he would do so in the agreed upon forum. This agreement represents a valid bargained for exchange: Plaintiff received benefit he was not otherwise entitled to, and in turn, agreed to limit himself regarding choice of forum. Therefore, this Court finds that the subjection forum selection clause is not the product of fraud or overreaching.

2019 WL 1517848, at *3 (quoting *Taylor v. Teco Barge Line, Inc.*, No. 06-6094, 2008 U.S. Dist.

LEXIS 10407 *1, *28 (E.D. La. Feb 12, 2008).

Here, Kennedy signed the Supplemental Benefits Agreement and took advantage of the Agreement's benefits which were not already owed to him. The clear and explicit clause unambiguously states that "any legal action seeking relief for a covered dispute must be filed in either (1) the United States District Court for the Western District of Kentucky, or (2) the McCracken County Circuit Court in Paducah, Kentucky." R. Doc. 10-3 at 1. The Court stresses its finding in *Joost* along with that of other sections of this Court and declines to find that the forum selection clause Kennedy agreed to after his injury in consideration for discretionary benefits was the product of either overreaching or fraud. 2019 WL 1517848, at *4; *Girdler*, 2017 WL 6451750 at *4; *Brister*, 2018 WL 746390, at *5; *Williams*, No. 18-2008, at *1; *Taylor*, 2008 U.S. Dist. LEXIS 10407, at *31.

Because this Court finds that the forum selection clause in the Supplemental Benefits Agreement is enforceable, it need not discuss the enforceability of the clause identical in purpose that Kennedy agreed to the Venue Selection Form, signed before the incident.

Next, Kennedy argues that public-interest factors preclude enforcement of the forum selection clause. R. Doc. 13 at 6. Courts consider several public-interest factors in its determination, which include "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of laws or in the application of foreign law." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc).

Here, Kennedy has only brought to the Court's attention "practical problems that make the trial of a case easy, expeditious and inexpensive" in this District: docket speed, experience in

maritime cases, and his preference to travel to this District over the pre-selected forum. *Id.* at 315; R. Doc. 13 at 6-7. Because Kennedy agreed to a mandatory and enforceable forum selection clause and has not identified any "extraordinary circumstances unrelated to the convenience" which would defeat a § 1404(a) transfer, the Court concludes that transfer for this matter to the United States District Court for the Western District of Kentucky is appropriate. *Atl. Marine Constr. Co., Inc.*, 571 U.S. at 64.

## V. CONCLUSION

Accordingly, Marquette's Motion to Transfer, R. Doc. 10, is **GRANTED**. This matter is **TRANSFERRED** to the United States District Court for the Western District of Kentucky, pursuant to 28 U.S.C. § 1404(a).

In light of this Court's ruling, the telephone status conference scheduled for December 5, 2023, at 3:30 P.M. C.S.T. is **CANCELLED**.

New Orleans, Louisiana, this 27th day of November, 2023.

_____
United States District Judge